IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LISA KOHLHAGEN,                          )
                                         )
                Plaintiff,               )
                                         )        C.A. No. 25-1150-MN-LDH
        v.                               )
                                         )        FILED
NVR, Inc. d/b/a Ryan Homes,              )
                                         )        JUL 29 2026
                Defendant.               )

U.S. DISTRICT COURT DISTRICT OF DELAWARE

ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Lisa Kohlhagen initiated this action against Defendant NVR, Inc. d/b/a

Ryan Homes ("NVR" or "Defendant") asserting claims of failure to design and construct

accessible house, refusal to accommodate, and retaliation and emotional distress in violation of the

Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (*See generally* D.I. 2). Pending before the Court are

seven motions which I address as follows:

1.      I recommend **DENYING** Plaintiff's Motion for Preliminary Injunction (D.I. 4).

Because a preliminary injunction is an "extraordinary" remedy, the movant bears the burden of

making "a clear showing" of his entitlement to relief. *Del. State Sportsmen's Assoc., Inc. v. Del.

Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 198 (3d Cir. 2024) (citations omitted); *see also

Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (internal citation omitted)

("[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing

that the plaintiff is entitled to such relief."). To obtain relief, the moving party must show: (1) a

likelihood of success on the merits; (2) they will suffer irreparable harm if the injunction is denied;

(3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public

interest favors such relief. *Child Evangelism Fellowship of N.J. Inc. v. Stafford Twp. Sch. Dist.*,

386 F.3d 514, 524 (3d Cir. 2004) (citation omitted). Plaintiff has not made the requisite "clear

showing." Plaintiff requests that the Court "order Defendant to retrofit the home with accessible

1

features, or provide equivalent relief." (D.I. 5 at 1). Of course, "the availability of money damages for an injury typically will preclude a finding of irreparable harm." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 n.4 (3d Cir. 2017) (citations omitted). Regardless, Plaintiff has failed to provide facts supporting the "clear showing" required under the law. Accordingly, I recommend denying her Motion for Preliminary Injunction.

2.      I **DENY** as premature Plaintiff's "Objection to Dismissal and Motion for Expedited Trial with Request for Rule 16 Scheduling Order." (D.I. 21). With regard to Plaintiff's request for a trial date and a scheduling order, case management will proceed in due course after Defendant responds to any amended complaint that Plaintiff chooses to file.

3.      Similarly, I **DENY** Plaintiff's Motion for a Speedy Trial and Injunctive Relief (D.I. 30). Case management will proceed in due course after Defendant responds to any amended complaint that Plaintiff chooses to file. To the extent Plaintiff's Motion for Expedited Trial with Request for Rule 16 Scheduling Order (D.I. 21) also requests injunctive relief because she was confused by an email from counsel, the motion is **DENIED.** Plaintiff has not identified any irreparable harm (or any harm at all), nor a likelihood of success.

4.      I **DENY** Plaintiff's "Motion to Waive Pacer Fees" (D.I. 39). Plaintiff is *pro se* and previously applied for (D.I. 8) and was denied *in forma pauperis* status. (D.I. 10). Her later Motion for Leave to Proceed *in forma pauperis* (D.I. 11) was terminated in light of Plaintiff having paid the full filing fee on or about October 27, 2025. Plaintiff presents no new information to justify her request to waive pacer fees, so I deny it.

5.      I recommend **GRANTING** Defendant's Motion to Dismiss (D.I. 17) without prejudice and with leave for Plaintiff to file an amended pleading within 30 days of the date the District Court adopts this Report and Recommendation.[1]  Plaintiff's Complaint (D.I. 2) is two

---

[1]      In reviewing a motion filed under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. Of*

2

pages. It purports to identify jurisdiction and venue, the parties, and factual allegations. (*Id.*).

With respect to factual allegations, Plaintiff includes 7 items, as follows:

### III. Factual Allegations

1. Plaintiff purchased a new home constructed and sold by Defendant.
2. Defendant failed to design and construct the home with required accessible features.
3. Among the deficiencies, the home lacks:
   o Accessible entrances and routes (ramps, level thresholds)
   o Widened doorways suitable for wheelchair use.
   o Accessible bathroom features (roll-in shower, grab bars, properly placed fixtures).
   o Properly located switches, outlets, and controls.
   o Kitchen counters, appliances, and storage designed for accessible use.

4. **Defendant knew or should have known of Plaintiff's disability and need for accessibility at the time of sale.**
5. **Defendant refused to retrofit or otherwise correct accessibility issues, despite repeated requests.**
6. **Defendant's conduct has denied Plaintiff full and equal use and enjoyment of her home.**
7. **Plaintiff has suffered daily hardship, injury to dignity, emotional distress, and financial harm.**

(D.I. 2 at 1–2). Based on these allegations, Plaintiff brings the following causes of action:

### IV. Claims for Relief

- **Count I – Failure to Design and Construct Accessible Housing (42 U.S.C. §3604(f)(3)(C))**
- **Count II – Refusal to Accommodate (42 U.S.C. §3604(f)(3)(B))**
- **Count III – Retaliation and Emotional Distress (42 U.S.C. §3617 and Delaware Law)**

---

*Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The complaint need not contain detailed factual allegations, but conclusory allegations and "formulaic recitation[s] of the elements of a cause of action" are insufficient to give the defendant fair notice of the nature of and grounds for the claim. *Twombly*, 550 U.S. at 555. The complaint must contain facts sufficient to show that a claim has "substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). While this plausibility standard requires more of the complaint than allegations supporting the mere possibility that the defendant is liable as alleged, plausibility should not be taken to mean probability. *Twombly*, 550 U.S. at 545. A claim is facially plausible, and the standard is satisfied, when the claim's factual allegations, accepted as true, allow the court to reasonably infer that the defendant is liable as alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 1948 (2009).

3

(D.I. 2 at 2). For these claims, Plaintiff seeks compensatory damages in the amount of $750,000, injunctive relief, a formal written apology, attorneys' fees and costs, and any other relief authorized by law. (*Id.*).

Defendant's Motion to Dismiss argues that Plaintiff provides no factual basis for her underlying allegations of violations of the FHA, that she has not alleged and rules, policies, practices or services that Defendant alleged refused to modify to state a reasonable accommodation claim, and that there are no facts supporting any claim of retaliation. (*See generally* D.I. 18). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, I agree with Defendant: the Complaint alleges causes of action without providing sufficient facts to render such allegations facially plausible. For example, "[m]erely alleg[ing] that retaliation occurred . . . is a legal conclusion, which the Court does not credit in the absence of factual allegations from which retaliation could be reasonably inferred." *Fogbawah v. National Railroad Passenger Corp.*, C.A. No. 23-501 (JLH), 2024 WL 4286352, at *2 (D. Del. Sept. 25, 2024) (citing *Iqbal*, 556 U.S. at 679).

Accepting all factual allegations as true and taking them in the light most favorable to Plaintiff, the Complaint still amounts to bare bones legal conclusions and does not include sufficient factual content to render her allegations facially plausible or put Defendant on notice of the alleged acts leading to the filing of the Complaint. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Accordingly, I recommend that Defendant's Motion to Dismiss (D.I. 17) be **GRANTED** without prejudice, and that Plaintiff be permitted an opportunity to amend her pleading to include specific facts that support her claims.

If Plaintiff chooses to file an amended complaint, Plaintiff may not add any new claims;

4

Plaintiff may only amend the allegations in the Complaint to remedy deficiencies. Plaintiff should be advised that filing an amended complaint that does not add facts sufficient to render her allegations facially plausible will likely result in dismissal with prejudice. Mere conclusions will not suffice. Alternatively, if Plaintiff chooses not to timely file an amended complaint, this case will likely be closed.

6.      In light of paragraph 5, I **DENY** Plaintiff's Motion to Amend Complaint (D.I. 34). Plaintiff's proposed amended complaint does not cure the deficiencies identified in paragraph 5 of this Order and Report and Recommendation. Indeed, Plaintiff's proposed amended complaint contains even fewer facts:

1. Plaintiff is a person with a disability as defined by the Fair Housing Act.

2. Defendant NVR, Inc. is a housing provider subject to the Fair Housing Act.

3. Plaintiff purchased a residence from Defendant.

4. Plaintiff requested reasonable accommodations related to accessibility.

5. Defendant refused or failed to provide reasonable accommodations.

6. Plaintiff engaged in protected activity.

7. Defendant retaliated against Plaintiff for asserting her rights.

(D.I. 34-1). The decision to grant or deny leave to amend lies within the discretion of the court. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Accordingly, for the same reasons that I recommend granting Defendant's Motion to Dismiss, I **DENY** Plaintiff's Motion to Amend as it is pled. *See Great W. Mining & Min. Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 175 (3d Cir. 2010) ("The standard for assessing futility is the 'same standard for legal sufficiency as applies under [Federal] Rule [of Civil Procedure] Rule 12(b)(6).").

7.      In light of paragraph 5, I **DENY** Plaintiff's Motion for Reargument (D.I. 38) and Motion for Leave to file Out of Time (D.I. 44) as moot in light of paragraph 5 of this Order and Report and Recommendation.

\* \* \*

This Order and Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1.  The parties may file objections to this Order and Report and Recommendation within fourteen (14) days after being served with a copy of the Order and Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d).  Any objections to the Order and Report and Recommendation shall be limited to ten (10) pages. Any response shall be filed within fourteen (14) days thereafter and limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at \*3 n.5 (3d Cir. Jan. 23, 2025).  Parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the Court's website, https://www.ded.uscourts.gov.

Date: July 29, 2026

_____
United States Magistrate Judge

6